## PRIVILEGED COMMUNICATIONS.

Circuit Court of Hamilton County.

JESSIE PARKER V. MAMIE RODDY.

Decided, July 29, 1911.

*Libel and Slander—False Imprisonment—Expression of a Suspicion as to Who Committed a Larceny is Privileged, When.*

The expression to a police officer of a suspicion, by the owner of property which has been stolen, as to who it was who committed the theft, is privileged and can not be made the basis of an action for damages for slander or false arrest.

*Scott Bonham,* for plaintiff in error.
*M. C. Lykins,* contra.

JONES, J.; SMITH, P. J., and SWING, J., concur.

The action below was one for damages by defendant in error against plaintiff in error. The petition contained two causes of action namely—slander and false imprisonment.

The evidence disclosed that several articles had been stolen from the Parker residence. Shortly thereafter a detective of the city police department called upon Mrs. Parker and it was to him that she first divulged her suspicion that Miss Roddy was the guilty party.

Later interviews with police officers followed in the presence of Miss Roddy and at the trial of the case below the detectives and Miss Roddy were permitted to testify as to accusations made by Mrs. Parker on those occasions. We think these communications were privileged and that it was error to admit them. *Liles* v. *Gaster,* 42 O. S., 631, 635, 636; *Cooley on Torts,* 211; *1 Cooley on Torts,* 3d Ed., 434, 436; *Garn* v. *Lockard,* 108 Mich., 196.

Reversed.